FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN - 8 2007

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MONTE ALAN McCAULLEY,

    Plaintiff,

vs.

CIVIL NO. 06-1208 LH/LFG

STATE OF NEW MEXICO, and
FEDERAL COMMUNICATIONS
COMMISSION,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING LIMITED WAIVER OF COSTS,
## DISMISSING ACTION AGAINST STATE WITH PREJUDICE,
## AND DISMISSING ACTION AGAINST F.C.C. WITHOUT PREJUDICE

Plaintiff Monte Alan McCaulley ("McCaulley") seeks the Court's order authorizing him to proceed with this litigation without the payment of costs or filing fees. The *in forma pauperis* statute, 28 U.S.C. § 1915, authorizes a court to waive filing fees and various court costs. The intent of this statute is to guarantee that "no citizen shall be denied an opportunity to commence, prosecute or defend an action, civil or criminal, in any court of the United States solely because . . . [lack of funds] makes it impossible for him to pay or secure the costs [of litigation]." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342, 69 S. Ct. 85, 90 (1948).

McCaulley submitted an affidavit indicating that he is indigent. He is a 54 year old divorced man who is sporadically employed doing odd jobs and contends that he earns only $40 per month. McCaulley receives SSI and SSDI benefits, has no stocks, bonds or savings, or any other assets to utilize in the prosecution of this litigation. Based on McCaulley's affidavit, the Court will authorize the filing of his complaint without requiring him to pay a filing fee.

## *Sua Sponte* Analysis of Complaint

While Congress removed barriers to court process for indigents by enacting the *In Forma Pauperis* statute, it also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989); Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733 (1992).

In response to this congressional concern, courts are specifically authorized to review an *in forma pauperis* complaint and to dismiss the complaint "if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Accordingly, federal courts now may conduct a *sua sponte* review of a complaint pursuant to this section to determine if the complaint can withstand Fed. R. Civ. 12(b)(6) scrutiny. The court may dismiss the complaint if it is patently obvious that the plaintiff cannot prevail on the facts alleged. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In reviewing a *pro se* complaint, the court applies the same legal standards applicable to pleadings drafted by counsel, but remains mindful that a *pro se* complaint must be liberally construed. Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992). It is with these standards in mind that the Court reviews McCaulley's Complaint for damages.

## McCaulley's Allegations

The gravamen of McCaulley's Complaint is unclear. He brings a 42 U.S.C. § 1983 action against the State of New Mexico and against the Federal Communications Commission ("FCC"). He alleges, "Media easdropping voilation [sic] of the Freedom of Information Privacy Act Public Defamation –public clammoring" [sic]. In describing the background of his case, McCaulley states, "Violation of the Freedom of Information Privacy Act Public Defamation - media easedropping [sic]

2

– (at a tortuture [sic] level) public clammoring [sic]." McCaulley contends that his constitutional rights and immunities were violated because, "I was raped, but I'd home--pipped for [illegible] I was sexullay [sic] never exposed in the lower body organs on, or, by, another person."

In his statement of facts, McCaulley writes, "Ivan E. Sanchez Bernilillo [sic] County, Taos County (counties in the State of New Mexico) The Federal Communications Commission 1973 through 2006 now going on to two thousand (illegible). The Government and The F.C.C. have been negligent on my poverty." To this intelligible allegation, McCaulley appends a second page of writing that is, for the most part, unintelligible and not decipherable.

### Section 1983 Claims Against the State of New Mexico

McCaulley seeks to assert claims under 42 U.S.C. § 1983. Claims pursuant to § 1983 allow for court relief when a party's federally protected rights have been violated by state or local officials or by other persons acting under color of state law. Thus, a person who asserts a claim for relief under § 1983 must satisfy two elements: (1) "the plaintiff must allege that some person has deprived him of a federally protected right;" and (2) "he must allege that the person who has deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640, 100 S. Ct. 1920, 1923 (1980); West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988).

Here, McCaulley's claim fails for numerous reasons. First, § 1983 authorizes claims only against a "person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia" deprived another of a federally protected right. While the term "person" in § 1983 has been interpreted to encompass state officials sued in their individual capacities, it does not include states or state agencies.

McCaulley seeks to sue the State of New Mexico for monetary damages. Indeed, in his *ad damnum* clause, he seeks $14,000,000.00 from the Defendant State of New Mexico and FCC.

3

The United States Supreme Court made clear in Will v. Michigan Dept. of State Police, 491 U.S. 58, 66, 109 S. Ct. 2430 (1989), that a state and arms of the state have Eleventh Amendment immunity and are not subject to suit under § 1983 in federal or state court. *See also* Howlett by Howlett v. Rose, 496 U.S. 356, 365, 110 S. Ct. 2430 (1990). Since McCaulley's lawsuit is against the State of New Mexico and is one for monetary damages as opposed to injunctive relief, it is not actionable under the Eleventh Amendment. The State of New Mexico is not a "person" for § 1983 relief.

No amendment would make McCaulley's claim against the State of New Mexico actionable. Thus, McCaulley's damage claim against the State must be dismissed with prejudice.

It is possible that McCaulley may be able to state some claim for damages against a state employee who, acting under color of state law, deprived him of a federally protected right. However, McCaulley's Complaint specifically states that no defendant acted under color of state law. (*See* Complaint, ¶ 2). Since acting under of state law is a requisite element of an § 1983 case, Gomez v. Toledo, West v. Atkins, it is apparent that re-pleading this complaint would be insufficient to cure the defect, as McCaulley cannot prosecute a § 1983 case against an individual state employee unless the employee acted under color of state law. Accordingly, McCaulley's claims against the State of New Mexico and any potential state officer, agent or employee must be dismissed with prejudice.

### Section § 1983 Claims Against the FCC

McCaulley also seeks to assert a 42 U.S.C. § 1983 claim against the FCC.

> Section 1983 authorizes a claim for relief only against persons who acted under color of state law. Federal officials who act pursuant to federal law do not act under color of state law, but rather act under color of federal law. They are, therefore, generally not subject to suit under Section 1983.

Martin A. Schwartz, Section 1983 Litigation, § 5.07; *see also* Wheeldin v. Wheeler, 373 U.S. 647,

650 n. 2, 83 S. Ct. 1441 91963); District of Columbia v. Carter, 409 U.S. 418, 424-25 (1973), *reh'g denied*, 410 U.S. 959 (1973). In Wheeldin, the Supreme Court recognized that there is no federal statutory counterpart to § 1983 that authorizes a claim for relief against federal officials whose conduct is claimed to have violated a plaintiff's federally protected right.

It is possible that McCaulley may have a cause of action under the Bivens doctrine. *See* Bivens v. Six Unknown Named Federal Narcotics Agents, 403 U.S. 388, 91 s. Ct. 1999 (1971). However, he makes no specific allegations concerning actions taken by any federal authority. Thus, it is unclear whether he states a cause of action available under Bivens. Because his present complaint against the FCC fails to withstand Rule 12(b)(6) scrutiny, McCaulley's claims against the F.C.C. are dismissed, but without prejudice.

## Conclusion

The Court grants McCaulley's application to proceed *in forma pauperis*. However, the Court concludes that none of McCaulley's claims withstand scrutiny under Rule 12(b)(6). Therefore, the Court dismisses, with prejudice, McCaulley's claims against the State of New Mexico, and dismisses, without prejudice, McCaulley's claims against the FCC. Accordingly, McCaulley's § 1983 civil rights Complaint [Doc. 1] is DISMISSED as described herein.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE
FOR Hon. C. LeRoy Hansen